UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES ex rel. <br> JAMES GARBE, <br><br> Plaintiffs, <br><br> v. <br><br> KMART CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 3:12-cv-881-NJR-PMF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT KMART CORPORATION'S SUPPLEMENTAL BRIEF
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
ON CLAIMS IN OTHER-THAN 90-DAY QUANTITIES**

Kmart Corporation files this Supplemental Brief in support of its Motion for Partial Summary Judgment on Claims in Other-Than 90-Day Quantities pursuant to SDIL-LR 7.1(c) and Federal Rule of Appellate Procedure 28(j).

Usual and customary pricing is indisputably tied to quantity. *See* 90-Day Mot. 1-2 (Doc. 203). Relator's expert, Dr. Joel Hay, admitted this during his deposition on September 22, 2014, stating that he approached his calculations by considering quantity. Ex. 1, Hay Dep. 148:5-13. ("Well, I know that that's how the mechanism of a usual and customary pricing screen is built....That question can only be answered for each drug in terms of brand, name, dose, quantity, et cetera."); 147:20-148:1 ("Q. And to…calculate usual and customary…you have to be focused on the…precise quantity…? A. And that's what I did on a transaction-by-transaction basis.").

Relator challenges Kmart's argument that U&C price must be tied to the quantities offered under Kmart's discount programs by alleging that Kmart pharmacists "routinely prorated" the $15 price for its 90-day program to $10 and $5 for 60- and 30-day supplies. 90-Day Opp'n 1-2 (Doc. 223) (citing Dr. Hay's report). The transaction data is the only evidence of what

1

occurred, and Dr. Hay admitted in his deposition that he did not analyze this data to conclude that prorations or price overrides to price-match or price-beat a competitor were "routine." Hay Dep. 172:17-173:8. When asked to quantify "routine," Dr. Hay testified that his statement was "qualitative" rather than "quantitative." Hay Dep. 173:13-174:6. He also could not recall if his conclusion was based on a year-by-year review or a review of the whole data set. Hay Dep. 189:1-8. Dr. Hay lacks any evidentiary basis for an opinion on the frequency of prorations.

Following a protracted discussion, Dr. Hay testified that he classified something that occurred 25% of the time as routine. Hay Dep. 188:7-25. But Dr. Hay has not performed any calculations of the relevant percentages in Kmart's cash transaction data, and Relator has no evidence of what those percentages may be.

Respectfully submitted this 28th day of September, 2014.

*/s/ Catherine M. O'Neil*
Catherine M. O'Neil,
*admitted pro hac vice*
Georgia Bar No. 553714
Christopher Burris,
*admitted pro hac vice*
Georgia Bar No. 097404
Kristen A. Lynn,
*admitted pro hac vice*
Georgia Bar No. 702536

KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia  30309
(404) 572-4600 (p)
(404) 572-5100 (f)

**Counsel for Kmart Corporation**

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES ex rel.<br>JAMES GARBE,<br><br>        Plaintiffs,<br><br>v.<br><br>KMART CORPORATION,<br><br>        Defendant. | Civil Action No. 3:12-cv-881-NJR-PMF<br><br>Judge Nancy J. Rosenstengel |

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2014, I served a copy of **DEFENDANT KMART CORPORATION'S SUPPLEMENTAL BRIEF IN SUPPORT OF KMART'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLAIMS IN OTHER THAN 90-DAY QUANTITIES** upon opposing counsel via e-file system to:

| KOREIN TILLERY | PHILLIPS & COHEN LLP |
|---|---|
| George A. Zelcs<br>205 N. Michigan Ave, Ste 1950<br>Chicago, IL 60601-5927 | Erika A. Kelton<br>2000 Massachusetts Ave NW, Ste 100<br>Washington DC 20036-1015 |
| Stephen M. Tillery<br>Aaron M. Zigler<br>Robert L. King<br>One US Bank Plaza<br>505 N. 7th Street, Suite 3600<br>Saint Louis, MO 63101-1612 | Larry P. Zoglin<br>100 The Embarcadero, Ste 300<br>San Francisco, CA 94105-1226 |

                            */s/ Catherine M. O'Neil*
                            Catherine M. O'Neil

1