UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,  )<br>ex rel. JAMES GARBE,  )<br>  )<br>  Plaintiffs,  )<br>  )  Civil Action No. 3:12-cv-881-NJR-RJD<br>vs.  )<br>  )<br>KMART CORPORATION,  )<br>  )<br>  Defendant.  )<br>  ) | |

### DEFENDANT KMART CORPORATION'S
### MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING
### ACTUAL DAMAGES FOR MEDICAID AND TRICARE CLAIMS

Kmart hereby submits this Motion in Limine to preclude Relator from offering evidence regarding actual damages for claims submitted to Tricare and to the state Medicaid programs that were the subject of Relator's Rule 54(b) motion for final judgment.  *See* Relator's Motion for Final Judgment on the Tricare Claims and Certain Medicaid Claims ("Rule 54(b) Motion") (Doc. 355) pp. 1, 5.  Such evidence should be excluded pursuant to the doctrine of judicial estoppel, because Relator has expressly elected, by way of his Rule 54(b) Motion, to forego actual damages and instead seek only civil penalties with regard to these claims.

### FACTUAL AND PROCEDURAL BACKGROUND

Relator James Garbe alleges in this case that Kmart violated the False Claims Act, 31 U.S.C. § 3729 *et seq*., by overcharging government health care programs for certain prescription drugs.  Relator initially sought to recover treble damages and civil penalties with regard to all of his claims.  Third Amended Complaint (Doc. 359) ¶179.  But, on April 25, 2017, citing concerns for the possibility of a Kmart bankruptcy, Relator filed a Rule 54(b) motion for final judgment

1

on claims submitted to the Tricare program and to the Medicaid programs of 24 states in which he expressly elected to "forego actual damages" and instead seek only the minimum civil penalty of $5,500 per claim. Rule 54(b) Motion at 2. Having made this election, Relator is now estopped from presenting to the jury any evidence regarding actual damages allegedly sustained as a result of claims submitted to the Tricare program or these state Medicaid programs.

## ARGUMENT

Evidence regarding actual damages allegedly sustained as a result of claims submitted to the programs that were the subject of Relator's Rule 54(b) motion should be excluded under the doctrine of judicial estoppel. A court has the power to grant a motion in limine to exclude evidence pursuant to the district court's "inherent authority to control the course of trials." *In re Depakote*, Case No. 14-CV-847-NJR-SCW, 2015 WL 4775937, at *1 (S.D. Ill. Feb 20, 2015) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). This power includes the power to exclude evidence or arguments that a party is precluded from asserting under the doctrine of judicial estoppel. *Wielgus v. Ryobi Techs., Inc.*, No. 08 CV 1597, 2012 WL 1748156, at *3 (N.D. Ill. May 16, 2012) (granting in part a motion in limine on the basis of judicial estoppel).

The doctrine of judicial estoppel prohibits a party from asserting a position that is contrary to a posture held in prior court proceedings. *See Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 795 (7th Cir. 2013). The doctrine is designed to prevent "'the perversion of the judicial process.'" *Id.* (quoting *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990)). In particular, it protects the courts from being "manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories." *Id.* Although application of judicial estoppel is "'not reducible to any general formulation of principle,'" the Supreme Court has recognized three considerations that help guide the inquiry: (1) whether a party's later position is clearly

inconsistent with its first one; (2) whether the court accepted the party's earlier position; and (3) whether the party asserting the inconsistent position would gain an unfair advantage if not estopped. *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). The Seventh Circuit has emphasized that these are not rigid requirements but "'general guideposts that must be considered in the context of all the relevant equities in any given case.'" *Id.* (quoting *In re Knight-Celotex, LLC*, 695 F.3d 714, 722 (7th Cir. 2012).

Here, the relevant equities weigh in favor of barring Relator from presenting evidence regarding actual damages allegedly resulting from claims submitted to the Tricare program and the state Medicaid programs that were the subject of his Rule 54(b) motion. If allowed to present evidence regarding actual damages as to these claims and to seek treble damages plus penalties, Relator clearly would be taking a position entirely inconsistent with his previous posture. Specifically, Relator affirmatively elected to forego actual damages in his Rule 54(b) motion because he saw a tactical advantage to doing so. He should not now be permitted to retract his decision to seek only the minimum civil penalty on a subset of claims and instead offer proof regarding actual – and much larger – damages at trial. Such a change in litigation strategy is exactly the "fast and loose" play that the doctrine of judicial estoppel was designed to preclude. *See In re Airadigm Commc'ns, Inc.,* 616 F.3d 642, 661 (7th Cir. 2010) (citing *Butler v. Village of Round Lake Police Dep't*, 585 F.3d 1020, 1022 (7th Cir. 2009)) (upholding the district court's application of the doctrine of judicial estoppel).

Even though Relator's Rule 54(b) Motion should be denied,[1] the doctrine of judicial estoppel still applies. The lack of judicial acceptance is not fatal to an assertion of judicial

---

[1] As discussed in detail in Kmart's Opposition to Relator's Motion for Final Judgment (Doc. 365), Relator is not entitled to summary judgment on the issues of falsity, materiality and scienter, and thus his Rule 54(b) Motion fails on the merits. Moreover, Relator failed to establish that there is "no just reason for delay" in entering final judgment, and his motion must be denied for this reason as well.

estoppel because judicial acceptance is only one factor to consider within the overall context of the equities in the case. *Grochocinski*, 719 F.3d at 795 (emphasizing that the three elements typically listed as requirements for judicial estoppel are not rigid requirements but "general guideposts" and that individual cases must be decided based on all the relevant equities).

Relator would gain an unfair advantage if this Court allows him to introduce evidence as to actual damages with regard to claims for which he has affirmatively elected to seek only civil penalties. Relator made the choice to forego actual damages with regard to the Tricare and certain state Medicaid program claims in an attempt to obtain a final judgment on part of his case prior to trial. Relator cannot have it both ways. He cannot invoke the benefits of seeking only civil penalties in order to gain an advantage with regard to his Rule 54(b) motion and then – if that motion is not successful – disclaim that position, change course, and present evidence regarding actual damages.

The Seventh Circuit has instructed district courts to consider all "relevant equities" in determining the applicability of the doctrine of judicial estoppel. *Id.* Based on the equities in this case, the Court should preclude Relator from offering evidence to prove actual damages on the Tricare and state Medicaid claims that were the subject of his Rule 54(b) motion. *See Grochocinski*, 719 F.3d at 795.

## **CONCLUSION**

For the reasons stated above, Kmart respectfully requests that the Court grant its Motion in Limine and exclude any evidence regarding actual damages allegedly resulting from claims submitted to the Tricare program or the 24 state Medicaid programs that were the subject of Relator's Rule 54(b) motion for final judgment.

Dated: June 28, 2017.

By:   /s/ *Catherine M. O'Neil*
Catherine M. O'Neil
Christopher C. Burris
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia  30309
Tel:  404-572-4600
Fax:  404-572-5141
coneil@kslaw.com
cburris@kslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 28, 2017.

/s/ *Catherine M. O'Neil*