**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.* | ) | |
| *ex rel.* CARL IRELAND as guardian of | ) | |
| JAMES GARBE and his Estate, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 3:12-cv-00881-NJR-RJD |
| vs. | ) | |
| | ) | |
| KMART CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**RELATOR'S MOTION FOR ESTABLISHMENT OR APPROVAL OF
THE JAMES GARBE QUALIFIED SETTLEMENT FUND**

In anticipation of the parties' joint motion to seek the Court's approval of a tentative settlement of this litigation, Relator requests the Court to establish and approve a Qualified Settlement Fund (QSF) pursuant to Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1, for the reasons explained below.

1.  Counsel for Defendant Kmart Corporation has advised Relator's counsel that Kmart has no objection to this motion or the establishment of the James Garbe Qualified Settlement Fund.

2.  Treasury Regulation § 1.468B-1 creates "Qualified Settlement Funds," which "[a]lthough originally designed for class actions, … are now routinely used in other disputes as well." Robert W. Wood, *Qualified Settlement Funds Cut Taxes and Disputes*, LITIG. Volume 38, Number 1, (Fall 2011) (available at http://woodllp.com/Publications/Articles/pdf/QSFs_Cut.pdf). "QSF regulations were designed to cover a host of circumstances …." *United States v. Brown*, 348 F.3d 1200, 1207 (10th Cir. 2003).

3.  In the present case, Relator and his counsel seek approval of a Qualified Settlement Fund for two reasons. First, a QSF will avoid an inequitable situation in which Relator could recognize

substantial, taxable income in one year and owe taxes on that income for that tax year, only to have that income clawed back as a preferential transfer in a Kmart bankruptcy the following year. If the Court approves the QSF, Kmart can make its initial settlement payment as soon as possible without Relator (or his counsel) immediately recognizing income and creating the potential for the "tax in one year/loss in the subsequent year" that could arise if Kmart were to end up in bankruptcy shortly after any of the three settlement payments[1] over the next two years.

4.   Second, a QSF will give Mr. Garbe's guardian (Mr. Ireland) time to resolve outstanding liens against Mr. Garbe's estate, such as an anticipated, substantial Medicaid lien. It will also provide Mr. Garbe's guardian (Mr. Ireland) additional time to determine the best means and methods of distribution of Mr. Garbe's substantial recovery in ways that best serve Mr. Garbe's interests.

5.   The timing of Kmart's settlement payments (and the federal and state governments' payments to Relator) are anticipated to occur in the last quarter of each year. As a result, the 90-day preferential transfer period (*see* 11 U.S.C. § 547) during which those payments could be "clawed back" in a Kmart bankruptcy could extend into the year following a payment. As a result, even if Relator's counsel were to hold such a settlement payment in their attorney trust account, Relator would be deemed to have recognized income subject to taxation. *See Gale v. C.I.R.*, 2002 WL 273164, at *10 (T.C. Feb. 27, 2002) ("[P]etitioner had taxable receipt of the settlement proceeds, even though he did not physically receive them. The funds were … deposited into an attorney/client trust account."). That remains so even if that money were clawed back during the 90-day preferential transfer period. For example, Relator could recognize over $2 million in income in 2017 on which he would then owe substantial taxes during the 2017

---

[1] Under the anticipated settlement to be presented to the Court, Kmart will make three settlement payments: one in the near future, and two more on the first and second anniversaries of the first payment.

tax year, only to have that payment set aside in 2018. The offsetting loss would not, however,

occur and thus could not be recognized until the 2018 tax year.

6.   Conversely, if the Court approves the QSF, Kmart may make payments to the QSF

without Relator recognizing income until this Court approves disbursement to him from the QSF.

7.   Under Treasury Regulation § 1.468B 1, "A fund, account, or trust satisfies the

requirements of this paragraph (c) if:

(1) It is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) of any of the foregoing and is subject to the continuing jurisdiction of that governmental authority;

(2) It is established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event (or related series of events) that has occurred and that has given rise to at least one claim asserting liability— …

(ii) Arising out of a tort, breach of contract, or violation of law; … and

(3) The fund, account, or trust is a trust under applicable state law, or its assets are otherwise segregated from other assets of the transferor (and related persons).

26 CFR § 1.468B-1.

8.   Submitted with this motion is a proposed trust document titled James Garbe Qualified

Settlement Fund Trust Agreement setting forth the terms of the proposed QSF as a Missouri

trust.

9.   Relator requests that the Court order the establishment of the proposed QSF or approve it,

and appoint the Honorable Michael A. Wolff as Administrator (Trustee) of the Fund. Judge

Wolff is an attorney, former Missouri Supreme Court judge and chief justice, and professor and

dean emeritus of Saint Louis University Law School. His full curriculum vitae is available at

http://law.slu.edu/people/michael-wolff. Judge Wolff has agreed to accept an appointment as

Administrator of the Fund.

10. Accordingly, Relator requests the Court to find that:

a.  the James Garbe Qualified Settlement Fund is being established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event or related series of events that has occurred and that has given rise to at least one claim asserting liability arising out of a statutory tort or violation of law; and

b.  the James Garbe Qualified Settlement Fund is a trust under state law and that its assets are otherwise segregated from other assets of the transferors and related persons within the meaning of 26 U.S.C. §§ 267(b) or 707(b)(1);

11.  Relator also requests the Court to order that all sums due and payable under the terms of the parties' settlement agreements from Kmart, the United States and any settling State to Relator or his counsel be made to the James Garbe Qualified Settlement Fund and not to Relator or his counsel. Kmart, the United States, and any settling State that makes a payment should be deemed a "transferor" under the QSF regulation, because "[a] 'transferor' is a person that transfers (or on behalf of whom an insurer or other person transfers) money or property to a qualified settlement fund to resolve or satisfy claims described in paragraph (c)(2) of this section against that person." 26 CFR § 1.468B-1(d)(1). Relator's claims against the United States and settling States are for Relator's shares of the recoveries under the *qui tam* provisions of the federal and state false claims statutes.

12. The Plaintiffs also request the Court to order that:

a.  the James Garbe Qualified Settlement Fund is established and approved pursuant to order of this Court, according to the terms, conditions, authorities and duties set forth in the Settlement Trust Agreement, the terms of which are hereby incorporated by this reference, and is subject to the continuing jurisdiction of this Court;

b.  no transferor shall have a right to a refund, reversion or any other beneficial interest in the income or corpus of the Trust, nor shall any transferor place any restrictions on the Trust's ability to use or dispose of the property;

c.  the James Garbe Qualified Settlement Fund Administrator shall deposit all monies received from any transferor or paid on behalf of a transferor for the benefit of Relator or his attorneys into a chartered financial institution and ensure that, consistent with this Order and the terms of the Settlement Trust Agreement, no funds may be distributed without further order of this Court;

d.  in the event the payee (or payees) of a check received on behalf of any transferor is

4

other than the James Garbe Qualified Settlement Fund, the Administrator is hereby authorized and ordered as a substitute payee to deposit such check into the James Garbe Qualified Settlement Fund account, with or without the endorsement of the other payees and whether or not the James Garbe Qualified Settlement Fund is a named payee. The Administrator is hereby authorized to endorse any such check on behalf of any other payee; and

e.   any payments that Kmart, the federal government or any state government is required to make to Relator or his attorneys be made to the James Garbe Qualified Settlement Fund.

WHEREFORE Relator requests that the Court establish and approve the James Garbe

Qualified Settlement Fund and appoint the Honorable Michael Wolff as Administrator and

Trustee of the Fund.

Respectfully submitted,

**KOREIN TILLERY LLC**

Dated:  November 3, 2017

/s *Robert L. King*
Stephen M. Tillery
Robert L. King
Aaron M. Zigler
One U.S. Bank Plaza
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
stillery@koreintillery.com
rking@koreintillery.com
azigler@koreintillery.com

**PHILLIPS & COHEN LLP**

Erika A. Kelton
2000 Massachusetts Ave. NW, Suite 100
Washington, DC 20036
Telephone: (202) 833-4567
ekelton@phillipsandcohen.com

Larry P. Zoglin
100 The Embarcadero, Suite 300
San Francisco, CA 94105
Telephone: (415) 836-9000
lpz@pcsf.com

*Counsel for Relator*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2017, I electronically filed the foregoing document with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to

all registered users.

**KOREIN TILLERY LLC**

 /s *Robert L. King*

Robert L. King
One U.S. Bank Plaza
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
rking@koreintillery.com